USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/7/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NOMAN AZAD,

*Plaintiff*,

-against-

CVS ALBANY, L.L.C.,

*Defendant*.

24-cv-4122 (MKV)

**ORDER**

MARY KAY VYSKOCIL, United States District Judge:

Plaintiffs filed this action against their former employer, alleging that Defendants failed to pay overtime wages, among other violations. Complaint ¶¶ 1–2 [ECF No. 1] ("Compl."). The Complaint asserted claims for violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Compl. ¶¶ 34–51.

Upon the Parties' consent, the Court stayed this action pending arbitration. [ECF No. 19]. Thereafter, having been informed that this case had been settled, [ECF No. 23], the Court directed the parties to submit a letter and documentation supporting the fairness of the settlement. [ECF No. 24]. Plaintiff has since filed such a letter. [ECF No. 25] (the "Settlement Letter"). The proposed settlement requires Defendants to pay $50,000. *See* [ECF No. 25-1] (the "Proposed Settlement Agreement" or "PSA") § 4.a. Plaintiff will receive $32,780. *Id.* §§ 4.a.i.–ii. Plaintiff's counsel will receive fees and costs in the amount of $17,220, *id.* § 4.a.iii.

The Court has reviewed the parties' revised documents for fairness in accordance with the FLSA and Second Circuit law, *see, e.g.*, *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015), and has concluded that the terms are fair and reasonable.

In evaluating whether a settlement is fair and reasonable, the Court considers: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties

to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citation and quotation marks omitted).

Here, while the Complaint does not specify the precise damages sought, the Settlement Letter reflects a best-case recovery amount of approximately $136,035. Settlement Letter at 2. The Settlement Letter further acknowledges unsettled jurisprudence, "technical dispute[s]," and "affirmative defense[s]" that might limit recovery. *Id.* "Given the risk for both sides," *id.*, $50,000 is a fair and reasonable settlement award. Further, there is no suggestion of fraud or collusion here; instead, the settlement appears to have been negotiated at arm's length by experienced counsel.

The Court also finds the requested attorney's fees reasonable. Plaintiff's counsel seeks one third of Plaintiff's total recovery, plus $831 in costs. *See* Settlement Letter at 2. This is consistent with the retainer agreement. *See* [ECF No. 25-2] (the "Retainer Agreement") §§ 12–13; *Fisher v. SD Prot. Inc.*, 948 F.3d 593 (2d Cir. 2020). It is also roughly consistent with the lodestar. *See* [ECF No. 25-3] at 4; *Gumaneh v. Vilano Emp. Servs., Inc.*, 2023 WL 5715613, at 9 (S.D.N.Y. Sept. 5, 2023).

Accordingly, the settlement is approved, and the Court ORDERS that the case be dismissed with prejudice.[1] The Clerk of Court is respectfully requested to terminate docket entries numbers 25 and 26 and to close this case.

---

[1] The Court ***will not*** retain jurisdiction to enforce the terms of the Parties' settlement as contemplated in section fourteen of the PSA. *See* Individual R. Prac. in Civ. Cases 6.C.

**SO ORDERED.**

**Date: July 7, 2026**
**New York, NY**

Mary Kay Vyskocil

**MARY KAY VYSKOCIL**
**United States District Judge**